20-2165
Style v. Mackey

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-one.

PRESENT:    DENNIS JACOBS,
                     RAYMOND J. LOHIER, JR.,
                     RICHARD J. SULLIVAN,
                              *Circuit Judges*.

-----------------------------------------------------------------
LENWORTH A. STYLE,

        *Plaintiff-Appellant*,

          v.                                                                    20-2165-pr

DEPUTY U.S. MARSHAL ADAM MACKEY, DEPUTY
U.S. MARSHAL ANDREW LEE, (FORMER) SPECIAL
DEPUTY U.S. MARSHAL/TASK OFFICER,

        *Defendants-Appellees*.*

-----------------------------------------------------------------

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:       Steven A. Metcalf II, Nanette Ida Metcalf, Metcalf & Metcalf, P.C., New York, NY

FOR DEFENDANTS-APPELLEES:       Varuni Nelson, Rachel G. Balaban, Matthew J. Modafferi, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Lenworth A. Style appeals from the June 9, 2020 judgment of the District Court for the Eastern District of New York (Vitaliano, J.) granting summary judgment in favor of the Defendants-Appellees, both of whom are Deputy United States Marshals, on his excessive-force and failure-to-intervene claims under the Fourth Amendment to the United States Constitution. Style alleges that during his arrest for making a false statement in a passport application, a federal felony, see 18 U.S.C. § 1542, one of the Defendants-Appellees used excessive force by putting a knee on his back while handcuffing

him, and that the second Defendant-Appellant and various other, unidentified deputies failed to intervene, rendering all of them personally liable for damages under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The District Court granted the Defendants-Appellees' motion for summary judgment, concluding that <u>Bivens</u> does not create causes of action for Style's excessive-force and failure-to-intervene claims and that, regardless, the Defendants-Appellees did not use excessive force. We assume the parties' familiarity with the underlying facts and record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's grant of summary judgment <u>de</u> <u>novo</u>, viewing the evidence in the light most favorable to Style and drawing all reasonable inferences in his favor. <u>See</u> <u>Costello v. City of Burlington</u>, 632 F.3d 41, 45 (2d Cir. 2011). We may affirm the judgment on any ground supported by the record. <u>See</u> <u>Allco Fin. Ltd. v. Klee</u>, 805 F.3d 89, 93 (2d Cir. 2015).

We conclude that the Defendants-Appellees are entitled to qualified immunity, and we therefore need not decide whether the District Court's conclusions, especially as they relate to the <u>Bivens</u> claim, were correct. "Qualified immunity protects government officials from civil damages liability

insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Jones v. Treubig, 963 F.3d 214, 224 (2d Cir. 2020) (quotation marks omitted).  Although "[w]e do not require a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate."  Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011).  In determining whether the force used was reasonable, we must pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Graham v. Connor, 490 U.S. 386, 396 (1989).

On this record, and under the circumstances of this case, a reasonable officer could conclude that the Defendants-Appellees did not use excessive force under established law.  Style has "not brought to our attention any cases of controlling authority" or "a consensus of cases of persuasive authority such that," at the time of his arrest in 2016, "a reasonable officer could not have believed that [the Defendants-Appellees'] actions were lawful."  Wilson v. Layne, 526 U.S. 603, 617 (1999).  Style primarily relies on our decision in Brown v. City of

New York ("Brown I"), 798 F.3d 94, 100–03 (2d Cir. 2015), but the police officers there used a "much [more] aggressive technique" than the Defendants-Appellees did in this case.  Id. at 103 (the officers "[took] a 120-pound woman to the ground and twice spray[ed] her directly in the face with pepper spray"); see also id. at 97.[1]  Style also cites Cortesluna v. Leon, 979 F.3d 645, 654–56 (9th Cir. 2020), cert. granted, decision rev'd sub nom. Rivas-Villegas v. Cortesluna, No. 20-1539, 2021 WL 4822662 (U.S. Oct. 18, 2021).  The Supreme Court has since reversed the decision in Cortesluna, which in any event was from another circuit and was decided years after Style's arrest.  Cortesluna relied on an earlier decision, LaLonde v. County of Riverside, 204 F.3d 947 (9th Cir. 2000), but Style has not argued that LaLonde is sufficiently similar to this case and either is "controlling authority in [this] jurisdiction" or reflects a "consensus" position among the courts.  Wilson, 526 U.S. at 617; see also Brown v. City of New York ("Brown II"), 862 F.3d 182, 192 (2d Cir. 2017).

Because the Defendants-Appellees are entitled to qualified immunity from Style's excessive-force claim, they are also entitled to qualified immunity from

[1] We later held that the officers in that case were entitled to qualified immunity.  See Brown v. City of New York ("Brown II"), 862 F.3d 182, 189–92 (2d Cir. 2017).

his failure-to-intervene claims.  See Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 129 (2d Cir. 1997).

We have considered Style's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court